1
2
3
4
5
6
7
8
9
10          IN THE UNITED STATES DISTRICT COURT
11        FOR THE NORTHERN DISTRICT OF CALIFORNIA
12
13   JERRY A. BURTON, E-85733,           )
                                         )
14              Petitioner,              )    No. C 13-2803 CRB (PR)
                                         )
15        vs.                            )    ORDER OF DISMISSAL
                                         )
16   G. D. LEWIS, Warden,                )    (Docket #3)
                                         )
17              Respondent(s).           )
     _____)
18
19                          I.
20        Jerry A. Burton, a state prisoner currently incarcerated at Pelican Bay
21   State Prison (PBSP), has filed a pro se petition for a writ of habeas corpus under
22   28 U.S.C. § 2254 challenging his placement and retention in administrative
23   segregation in PBSP's Secure Housing Unit (SHU) on the basis of association
24   with the Black Guerilla Family (BGF) prison gang.  Burton claims that his
25   validation as a BGF member is based on erroneous and unreliable evidence.
26        Burton also seeks leave to proceed in forma pauperis under 28 U.S.C. §
27   1915.  Based solely on Burton's affidavit of poverty, his request to proceed in
28   forma pauperis (docket #3) is granted.

II.

The Ninth Circuit has made clear that habeas jurisdiction is absent, and a 42 U.S.C. § 1983 action proper, where, as here, a successful challenge will not necessarily shorten the prisoner's sentence.  See Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003).  The effect of Burton's validation as an BGF member, and placement and retention in the SHU, on his possible release on parole is too attenuated to compel a different  result.  Cf. Burnsworth v. Gunderson, 179 F.3d 771, 774 n.3 (9th Cir. 1999) (possibility that prisoner having conviction/ disciplinary finding on record may result in denial of parole eligibility at some later date too attenuated to amount to denial of a protected liberty interest).

III.

For the foregoing reasons, the petition for a writ of habeas corpus is DISMISSED without prejudice to Burton filing a civil rights complaint under 42 U.S.C. § 1983.[1]

The clerk is instructed to enter judgment in accordance with this order and close the file.

SO ORDERED.

DATED:  July 17, 2013

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.13\Burton, J.13-2803.dismissal.wpd

---

[1]It appears that Burton already may have filed a civil rights complaint under 42 U.S.C. § 1983 challenging his validation as a BGF member.  See Burton v. Lewis, No. C 12-3158 JST (PR) (N.D. Cal. filed June 19, 2012).

2